Charles E. Drake, Esq. Town Attorney, Lake Pleasant
You have requested our opinion with respect to the filling of a vacancy on the town board of your town. You indicated in your letter that a member of the town board died on June 4, 1984 and that the town board acted in accordance with section 64(5) of the Town Law and appointed a person to fill the vacancy on July 21, 1984. By error, the board of elections was not notified and as a result no one was elected to this position at the November general election. Your question is whether the appointee holds over in office after December 31, 1984.
Under Article XIII, § 3 of the State Constitution, the Legislature is required to provide for the filling of vacancies in office and with respect to elective offices "no person appointed to fill a vacancy shall hold his office by virtue of appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy". The town board is responsible for filling vacancies in town offices (Town Law, § 64[5]). If the appointment is to fill a vacancy in an elective office, section 64(5) repeats the requirement of Article XIII, § 3, quoted above. Under section 42(1) of the Public Officers Law, as to vacancies occurring prior to September 20 in an elective office that is normally filled at a general election, the vacancy is to be filled at the general election next held after the occurrence of the vacancy. The September 20 date has been set to allow time for nominations before the November election. Section 64(5) of the Town Law and section 42(1) of the Public Officers Law implement the requirements of Article XIII, section 3 of the State Constitution. The purpose of these provisions is to ensure that when a vacancy occurs in an elective office, the vacancy will be filled in the shortest period of time reasonably possible (Matter of Roher v Dinkins, 32 N.Y.2d 180,188-189 [1973]).
Section 5 of the Public Officers Law provides for holding over in office beyond the expiration of the term until a successor is chosen and has qualified. Your question is whether this provision applies to an appointee filling a vacancy in an elective office.
Under Article XIII, section 3 of the Constitution, the person appointed by your town board to fill the vacancy in the elective office cannot hold office beyond December 31, 1984. Since this provision is a restriction on the length of the term of the appointee, section 5 of the Public Officers Law would have no application to an appointee serving under these circumstances.
As you noted in your letter, upon the failure to elect a person to office at a general or special election at which the office is authorized to be filled, the Governor in his discretion may proclaim a special election to fill the office (Public Officers Law, § 42). An individual elected at a special election to fill a vacancy in an elective office would fill the balance of the unexpired term (see 1976 Op Atty Gen [Inf] 158).
We conclude that upon the failure to hold the required election to fill a vacancy in an elective office, the person appointed to fill the vacancy temporarily may not hold over beyond December 31 following the date on which the election should have been held.